IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:11-CV-28-WHA |
| | ) | [WO] |
| | ) | |
| HEATH TAYLOR, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on an amended complaint filed by
Joseph Thompson ["Thompson"], a current county inmate and frequent federal litigant.
In his amended complaint, Thompson maintains that medical personnel at the Russell
County Jail are denying him adequate treatment for various chronic health issues.
*Plaintiff's Amended Complaint - Court Doc. No. 6* at 2-4. Specifically, Thompson
complains the medical defendants switched his blood pressure medications from name
brands to generics and refused to provide appropriate treatment for his Hepatitis C.  *Id*.

**II.  DISCUSSION**

Upon initiation of this case, Thompson filed a motion for leave to proceed *in forma
pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees -
Court Doc. No. 2.*  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to

bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The records of this and other federal courts establish that Thompson, while incarcerated or detained, has on at least three occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit. The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are: (1) *Thompson v. Lamberti, et al.*, Case No. 0:10-CV-62479-CMA (S.D. Fla. 2011); (2) *Thompson v. Upshaw, et al.*, Case No. 2:09-CV-210-TMH-SRW (M.D. Ala. 2009); and (3) *Thompson v. Barbour County Sheriff's Dept., et al.*, Case No. 2:08-CV-932-TMH-SRW (M.D. Ala. 2009).

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

In the instant cause of action, Thompson challenges the adequacy of medical treatment provided to him at the Russell County Jail for his hypertension and Hepatitis C. In an amendment to the complaint, Thompson provided copies of his medical records relevant to the pending claims. *Plaintiff's Amendment to the Complaint - Court Doc. No. 31-1* at 2-34. The court has thoroughly reviewed the medical records filed by the plaintiff and finds that these records do not support the allegations made by Thompson; instead, the records actually refute the claims on which he seeks relief. Specifically, the medical records reveal that upon Thompson's initial intake into the Russell County Jail in February of 2011, health care personnel performed a thorough examination during which they noted Thompson's hypertension and diagnosis of Hepatitis C. *Id*. at 2. The attending nurse issued an order to "continue all [of Thompson's] medications as prescribed when booked into facility." *Id*. The prescription for Glipizide, however, was discontinued as Thompson advised the nurse he no longer took this medication. *Id*. at 7. The jail provided the prescribed medications to the plaintiff in their generic form. *Id*. On March 1, 2011, jail medical personnel drew blood from Thompson and sent this sample to an outside laboratory for performance of a Hepatic Function Panel for purposes of evaluating the status of Thompson's Hepatitis C. *Id*. at 2. On March 16, 2011, Thompson requested he be provided "brand name [medication] vs. generic. States was told to do this by [his primary medical doctor] yet refused to give name of [this doctor]." *Id*. at 2.

3

On April 13, 2011, Thompson advised medical personnel "he no longer wanted to take his prescribed medication....  [Thompson] would not offer [an] explanation as to why he no longer would take his medication." *Plaintiff's Amendment to the Complaint - Court Doc. No. 31-1* at 3.  Thompson continued to refuse his medication until May 3, 2011.  *Id.* On May 18, 2011, Thompson submitted an inmate grievance form in which he requested the opinion of a free-world specialist regarding his hypertension and Hepatits C.  *Id* at 5. Nurse Loretta Holland consulted with Dr. Spud Warr regarding this request and Dr. Warr "advised that he does not see the need for a specialist referral." *Id*. at 6. Nurse Holland responded to Thompson's request on May 20, 2011, informing Thompson of Dr. Warr's decision and advising him that he "could see a specialist of [his] choice, with the understanding that" his family would be responsible for the expenses incurred during the consultation(s).  *Id*.

On May 26, 2011, jail personnel transported Thompson to Dr. Brian Wood for evaluation of his hypertension and Hepatitis C.  Dr. Wood noted: "The hypertension is characterized by no symptoms. The severity of the hypertension symptom(s) is mild. The timing/course of hypertension symptom(s) is constant and fluctuates in intensity. The patient has had these symptom(s) of hypertension for years....  Exacerbating factors consist of emotional stress, exertion and missed medication. Relieving factors consist of medication and rest...." *Id*. at 24. With respect to Thompson's Hepatitis C, Dr. Wood stated the condition "is progressing as expected." *Id*. Dr. Wood referred Thompson to Dr.

Ramdas Kamath for a gastroenterology consultation.

Dr. Kamath saw Thompson on June 10, 2011, "for further evaluation of Chronic Hepatitis C....  [Dr. Kamath noted] [t]he onset of [Thompson's] Hepatitis C was back in 2005 which he believes initiated after having tattoos done while in prison....  He has associated symptoms of abdominal discomfort in all quadrants which he describes as a crampy/colicky sensation being moderate in severity.  When he experiences the abdominal discomfort it usually lasts for about 5 minutes. He denies having any nausea/vomiting, diarrhea or constipation, and he has not noticed any bloody stools. Recent lab results reveal elevated liver function studies....  His hepatitis viral load done back on 5/26/11 ... was out of range.  The patient had an abdominal CT back in November 2006 which showed no acute process, no focal liver lesions were identified.  There were scattered lymph nodes in the porta hepatitis and peripancreatic region as well in the retroaortic region noted likely reactive in nature as they did not appear pathologically enlarged. [Regarding the hypertension condition, Dr. Kamath found Thompson's] blood pressure ... slightly elevated...." *Plaintiff's Amendment to the Complaint - Court Doc. No. 31-1* at 12. Dr. Kamath evaluated all other physical systems and found them "negative" for symptoms.

Dr. Kamath scheduled Thompson for an ultrasound of his liver on June 16, 2011, and specifically ordered Thompson to "not eat or drink anything after midnight." *Id*. at 9. In direct contradiction of the order issued by Dr. Kamath, Thompson ate breakfast on the morning of June 16, 2011, which necessitated cancellation of the ultrasound set for this

date. *Id*. at 4.  Dr. Kamath rescheduled the ultrasound.

The medical records filed by Thompson demonstrate that health care personnel at the Russell County Jail have monitored Thompson's hypertension and Hepatitis C since his arrival at the jail, examined Thompson regarding his myriad of physical complaints, evaluated each of his conditions, ordered various tests, referred Thompson to free-world physicians for further evaluation, and rendered treatment, including provision of various medications, in accordance with their professional judgment. *Plaintiff's Amendment to the Complaint - Court Doc. No. 31-1* at 2-34. The medical records contained in the amendments to the complaint further demonstrate that Thompson retains the right to request medical treatment at any time during his incarceration and likewise establish that Thompson routinely seeks and receives treatment for his complaints.  However, the course of medical treatment undertaken is not governed by Thompson's mere request or desire for treatment but is instead provided based on the assessment of his condition by the attending health care professional.

After thorough review of the complaint and the medical records contained in the amendment to the complaint, it is clear the claims now before this court do not entitle Thompson to circumvent the directives of § 1915(g), because the complaint fails to establish an "imminent danger of serious physical injury" to Thompson at the time he filed this cause of action as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C.§ 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th

Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to evade application of the "three strikes" provision of  28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury....'").

Based on the foregoing, the court concludes that Thompson's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Thompson failed to pay the requisite filing fee upon initiation of this case.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

### III.  CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Joseph Thompson on January 11, 2011 (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.  It is further

ORDERED that on or before September 12, 2011, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 29th day of August, 2011.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

8